

Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Philip G. Reinhard | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 50287 | **DATE** | 6/13/2002 |
| **CASE TITLE** | Hakeem vs. Snyder, et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Defendants' motion for summary judgment

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] For the reasons stated on the reverse Memorandum Opinion and Order, defendants' motion for summary judgment is granted. Plaintiff's excessive force claim against defendants Phillips and Love is hereby dismissed. The court also reaffirms its previous dismissal of plaintiff's other claims in its order from September 28, 2000 (Doc. No. 6). This case is dismissed in its entirety.

(11) ■ [For further detail see order on the reverse side of the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| X | Notices mailed by judge's staff. | | JUN 13 2002 | 46 |
| | Notified counsel by telephone. | | date docketed | |
| | Docketing to mail notices. | | | |
| X | Mail AO 450 form. | | docketing deputy initials | |
| X | Copy to judge/magistrate judge. | | 6-13-02 | |
| /LC | courtroom deputy's initials | Date/time received in central Clerk's Office | date mailed notice | mailing deputy initials |

# MEMORANDUM OPINION AND ORDER

Plaintiff, Ali Abdul-Habib Hakeem, proceeds pro se in his first-amended complaint against the two remaining defendants, Gary Phillips and Travis Love, both of whom are correctional officers at the Dixon Correctional Center ("Dixon"). All that is left in this case is Hakeem's claim under 42 U.S.C. § 1983 that Phillips and Love assaulted him while he was a prisoner at Dixon in violation of the Eighth Amendment. Jurisdiction and venue are proper based on 28 U.S.C. §§ 1331, 1391. Before the court is Phillips and Love's motion for summary judgment on the Eighth Amendment claim, filed pursuant to Federal Rule of Civil Procedure 56.

Some procedural background of this case is necessary. Shortly after Hakeem first filed this action, on September 28, 2000, the court dismissed most of Hakeem's claims because he had not exhausted his administrative remedies as required by 42 U.S.C. § 1997e(a). It did not dismiss the claim against Phillips and Love, however, because of a possible exception to the exhaustion requirement noted in Perez v. Wisconsin Dep't of Corrs., 182 F.3d 532, 538 (7th Cir. 1999). Discovery then proceeded on this claim alone and, during a telephonic conference held in January 2002, the case was set for a jury trial on March 25, 2002. Then on February 26, 2002 came the Supreme Court's decision in Porter v. Nussle, 122 S. Ct. 983 (2002), which held that § 1997e(a)'s "exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." Id. at 992. Nussle effectively closed the door on any exception to the exhaustion requirement left open in Perez, at least as it pertained to Hakeem's claim against Phillips and Love, and prompted these two defendants to file a motion for summary judgment, seeking to dismiss Hakeem's claim against them for failure to exhaust. Based on Nussle, the court granted this motion on March 20, 2002 during a telephonic conference held on the record with Hakeem and counsel for Phillips and Love. It accordingly dismissed the case without prejudice while giving Hakeem leave to reinstate the case after he exhausted his administrative remedies.

After the case was dismissed, Hakeem filed a grievance with Dixon regarding the alleged assault. As expected, Dixon denied the grievance as untimely since the alleged assault occurred in September 1999. With Dixon's denial letter in hand, Hakeem returned to this court and asked the case be reinstated, claiming that he had now exhausted his administrative remedies. The court granted that request on May 10, 2002. In the meantime, though, on April 18, 2002, the Seventh Circuit came out with its opinion in Pozo v. McCaughtry, 286 F.3d 1022 (7th Cir. 2002). In this case the court explained that § 1997e(a) requires a prisoner to file his administrative grievances and appeals within the time limits set out by state law; a prisoner's failure to take a timely administrative appeal within the state system means he has not exhausted his state remedies for purposes of § 1997e(a). See id. at 1023, 1025. In light of Pozo, Phillips and Love have filed (with leave of court) a second motion for summary judgment, seeking to dismiss Hakeem's claim against them for failure to timely exhaust his administrative remedies. The court now grants that motion. Because it is undisputed Hakeem did not file a timely grievance of the September 1999 assault with Dixon, Pozo requires that this claim be dismissed.

In response Hakeem renews his argument that he was not required to file any grievance with Dixon in the first place because he was actually convicted in New Jersey and is merely serving his time in Dixon pursuant to the Interstate Corrections Compact, 730 Ill. Comp. Stat. 5/3-4-4. As such, Hakeem contends, he needed only to exhaust his administrative remedies with New Jersey authorities, which he claims he did. In granting Phillips and Love's first motion for summary judgment, however, the court already considered and rejected this argument. Hakeem has offered no reason for the court to revisit that ruling.

That said, the court regrets the fact that the parties had already completed discovery in this case and were prepared to go to trial (as was the court). It similarly regrets how long this case has lingered, as well as its on-again-off-again history, only to be dismissed for some reason other than on the merits. Nevertheless, intervening changes in the law mandate this result.

For the reasons stated above, Phillips and Love's second motion for summary judgment is granted and Hakeem's Eighth Amendment claim against them is dismissed. This case is dismissed in its entirety.

# United States District Court
## Northern District of Illinois
### Western Division

Ali Abdul-Habib Hakeem      **JUDGMENT IN A CIVIL CASE**

v.      Case Number: 00 C 50287

Donald Snyder, et al.

☐    Jury Verdict. This action came before the Court for a trial by jury. The issues have been tried and the jury rendered its verdict.

■    Decision by Court. This action came to trial or hearing before the Court. The issues have been tried or heard and a decision has been rendered.

IT IS HEREBY ORDERED AND ADJUDGED that defendants' motion for summary judgment is granted. Plaintiff's excessive force claim against defendants Phillips and Love is hereby dismissed. The court also reaffirms its previous dismissal of plaintiff's other claims in its order from September 28, 2000 (Doc. No. 6). This case is dismissed in its entirety.

All orders in this case are now final and appealable.

FILED-WD
02 JUN 13 PM 2:24
CLERK
U.S. DISTRICT COURT

Michael W. Dobbins, Clerk of Court

Date: 6/13/2002

Susan M. Wessman, Deputy Clerk